Submitted October 1; in Case No. 20CR32292, remanded for resentencing, otherwise affirmed; in Case No. 19CR48434, affirmed October 27, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW LOGAN LOCKETT,
*Defendant-Appellant.*

Jefferson County Circuit Court
19CR48434, 20CR32292;
A174902 (Control), A174903

498 P3d 355

Daniel Joseph Ahern, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

In Case No. 20CR32292, remanded for resentencing; otherwise affirmed. In Case No. 19CR48434, affirmed.

## PER CURIAM

In these consolidated cases, defendant appeals a judgment convicting him of unlawful use of a weapon, ORS 166.220, and judgment revoking his probation on a conviction for felon in possession of a firearm, ORS 166.270. He raises no issue on appeal concerning the probation revocation judgment. With respect to the unlawful use of a weapon conviction, defendant was sentenced to 60 months' incarceration, to be followed by a 36-month post-prison supervision term. He argues on appeal that the trial court erred in imposing the post-prison supervision term because that term, when added to the 60-month incarceration term, exceeds the maximum indeterminate sentence of five years for the offense. *See* ORS 161.605(3) (establishing five year maximum indeterminate sentence for Class C felonies); OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction.").

The state concedes that the trial court erred by imposing a post-prison supervision term that, when combined with defendant's prison term, exceeds the statutory maximum sentence for the conviction. We agree and accept the state's concession.

In Case No. 20CR32292, remanded for resentencing; otherwise affirmed. In Case No. 19CR48434, affirmed.